UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER BIBBY, :
        Plaintiff, :
 :
    v. : CA 09-529 ML
 :
JOSEPH F. RODGERS, JUDGE and :
ADMINISTRATOR OF SUPERIOR COURT, :
STATE OF RHODE ISLAND, :
MAGISTRATE HARWOOD, and :
JANE AND JOHN DOE, CLERKS, :
        Defendants.[1] :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    This is an action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Peter Bibby ("Plaintiff" or "Bibby") for alleged violations of his constitutional rights. See Complaint (Document ("Doc.") #1). Reading his pro se Complaint generously, see de Aza-Paez v. United States, 343 F.3d 552, 553 (1st Cir. 2003) (noting "the court's obligation to read pro se complaints generously"), the defendants in this action are: Joseph F. Rodgers, Jr. ("Judge Rogers"), who, prior to his retirement in August 2009, was the presiding justice and administrative judge of the Rhode Island Superior Court ("RISC"), see R.I. Gen. Laws §

---

[1] For clarity, the Court has modified the order in which Defendants' names appear in the Complaint (Document ("Doc.") #1).

8-2-4[2] (1997 Reenactment), the State of Rhode Island (the "State"), Patricia L. Harwood ("Magistrate Harwood") or ("Judge Harwood"), the general magistrate of the RISC, see id. § 8-2-39, and the clerks of the Rhode Island Superior Court (designated as Jane and John Doe) (the "RISC Clerks"), (collectively "Defendants"). For the reasons explained herein, I find that the Complaint fails to state a claim upon which relief can be granted. Accordingly, I recommend that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[3]

---

[2] R.I. Gen. Laws § 8-2-4 states:

The presiding justice of the superior court shall be the administrative judge. He or she shall be the administrative head of the superior court and have supervision and control of the calendars and of the assignment of justices. All court stenographers and secretaries shall be under his or her supervision. It shall be his or her duty to gather such statistics as shall reflect accurately the work of the court for the information of the court and such other use as he or she may deem expedient.

[3] Title 28, Section 1915(e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)  is frivolous or malicious;
        (ii) **fails to state a claim on which relief may be granted**; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

**I. Background**

On November 6, 2009, this Magistrate Judge issued an order granting Bibby's motion to proceed in forma pauperis. See Order Granting Motion to Proceed in Forma Pauperis (Doc. #4) ("Order of 11/6/09"). At the time, this Magistrate Judge was unaware that Bibby had previously filed a similar § 1983 action which was dismissed on January 21, 2009, by Chief Judge Mary M. Lisi for failure to state a claim upon which relief may be granted. See Peter J. Bibby v. Glenn Sparr, et al., CA 08-333 ML (the "Prior Action"), Order (Doc. #10) ("Order of 1/21/09"). In dismissing the Prior Action, Chief Judge Lisi adopted the January 6, 2009, Report and Recommendation ("R&R of 1/6/09") of Senior Magistrate Judge Jacob Hagopian ("Judge Hagopian"). See Prior Action, Order of 1/21/09.

The facts alleged by Bibby in the Prior Action, as summarized by Judge Hagopian, are stated below.

> On December 11, 2006, Plaintiff was arraigned before Judge Harwood of the [RISC] for violating probation on several convictions. At this arraignment, the judge appointed the Rhode Island Public Defender's Office ("PDO") to represent Plaintiff for the probation violation, unaware of the PDO's new policy not to represent clients for probation violations in non-capital cases, such as Plaintiff's. On December 18, 2006, Plaintiff was brought before the RISC for determination of attorney and a probation violation hearing; however, due to the PDO's policy, no attorney was present to represent Plaintiff. Plaintiff requested bail, but the case was continued to December 26, 2006.
>
> At the December 26th hearing, Plaintiff still had no attorney. His renewed request for bail was denied, and

3

Plaintiff was again remanded to the ACI. Later that day, without Plaintiff or an attorney present, RISC Judge Lamphear denied bail. The same day, Plaintiff left a message for Chief Judge Rodgers of the RISC requesting appointment of private counsel. Defendant [Daniel] Schrock, a private attorney, was appointed.

Plaintiff's violation hearing was held on January 3, 2007, with Schrock representing him; however, Schrock neither requested bail nor objected when Plaintiff's suspended concurrent sentences were imposed as consecutive. As a result, Plaintiff was sentenced to 90 months instead of the 43 months remaining on the sentences subject to the probation violation.

On March 20, 2007, Schrock withdrew from the case. Plaintiff called the PDO to find out why Judge Harwood had appointed a PDO attorney initially even though the PDO[] w[as] not taking cases like his. He spoke with John Hardiman ("Hardiman") of the PDO, who indicated that Chief Judge Rodgers had issued an administrative notice informing the RISC judges of the PDO policy and the RISC Clerks should have passed such notice to the RISC judges.

Defendant [Glenn] Sparr, a private attorney who had been appointed as Plaintiff's lawyer after Schrock withdrew, represented Plaintiff at his next court appearance on June 25, 2007. Plaintiff had requested Sparr to subp[oe]na Hardiman and Schrock to testify regarding (l) the failure of the RISC Clerks to disseminate Chief Judge Rodgers' notice regarding the PDO policy to the RISC judges and (2) the resulting failure of the State to appoint counsel for Plaintiff at hearings on December 11, 18 and 26, 2006. However, Sparr did not subpoena any witnesses. Sparr also failed to present Plaintiff's motions (i) for a new judge (based on Plaintiff's allegation that Chief Judge Rodgers, who had failed to have the PDO policy passed to the other RISC judges, had a conflict of interest) and (ii) to correct the sentence that had been erroneously imposed consecutively rather than concurrently. At the next hearing regarding the probation violation, on September 17, 2007, Sparr withdrew as Plaintiff's lawyer, leaving him with no lawyer to argue when Chief Judge Rodgers reduced the sentence from 90 to 66 months, even though he had only 43 months left on the sentences subject to the probation violation.

>     Plaintiff filed suit in this Court on September 8, 2008. He claims defendants violated his constitutional rights pursuant to the 4th, 5th, 6th, and 14th amendments. Specifically, **he alleges that the State violated his rights by not providing him with an attorney at the hearings on December 11, 18 and 26, 2006 or with a bail or violation hearing within the time frame required by Rhode Island General Law § 12-19-9.**[4] He further alleges that Schrock and Sparr violated his rights by failing to exercise due diligence, care and ordinary skill and knowledge of an average attorney in representing his interests, and by engaging in a conspiracy with the RISC Clerks to cover up the clerks' failure to issue the administrative order regarding the new PDO policy. Finally, **he alleges that the RISC Clerks violated his rights to equal protection, bail and witnesses by failing to disseminate the new PDO policy to the RISC judges.** He claims that as a result of the foregoing violations of his rights he: did not receive bail, was sentenced to 66 months rather than the 43 months he had left to serve on his sentences, was unable to go for parole, and suffered various damages including loss of liberty and loss of income.

Prior Action, R&R of 1/6/09 at 1-3 (bold added).

Based on these allegations, Judge Hagopian determined that Bibby's complaint against the RISC Clerks was "merely one of negligence ...." Id. at 7. Because "the Due Process Clause is simply not implicated by a *negligent* act of an official causing

---

[4] A footnote which appears at this point in Judge Hagopian's R&R of 1/6/09 states:

> Rhode Island General Law § 12-19-9 provides that, after the attorney general has caused a person suspected of a probation violation to appear in court, the court "may order the defendant held without bail for a period not exceeding ten (10) days, excluding Saturdays, Sundays, and holidays. The court shall conduct a hearing to determine whether the defendant has violated the terms and conditions of his or her probation, at which hearing the defendant shall have the opportunity to be present and to respond."

Prior Action, R&R of 1/6/09 at 3 n.1 (quoting statute).

5

unintended loss of or injury to life, liberty, or property," id. (quoting Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662 (1986)), Judge Hagopian found that Bibby's complaint against the RISC Clerks did "not support a § 1983 claim for violation of due process protections." Id. Judge Hagopian further found that to the extent Bibby sued the RISC Clerks for intentional acts related to an alleged conspiracy, such claims also failed because Bibby had not presented any allegations to raise his bald assertions of a conspiracy above a speculative level, and the Court did not have to "credit such allegations." Id. at 8. Accordingly, Judge Hagopian recommended that the action against the RISC Clerks be dismissed for failure to state a claim upon which relief can be granted. Id. Chief Judge Lisi accepted this recommendation. See Prior Action, Order of 1/21/09.

**II. Discussion**

    **A. Judge Rodgers and Magistrate Harwood**

        **1. Judicial Immunity**

It is well established that judges are absolutely immune from suit for their judicial acts unless they act in the clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286 (1991); see also Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099 (1978)("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will

be subject to liability only when he has acted in the clear absence of all jurisdiction.")(internal quotation marks omitted); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213 (1967)("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)."); cf. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435, 113 S.Ct. 2167 (1993)("The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.").

"[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. at 362, 98 S.Ct. 349; see also Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)("There is no question that [the defendant judge] was protected by absolute immunity from civil liability for any normal and routine judicial act. This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the

motive.")(citations omitted).[5]

Moreover, there is ample authority that judges are specifically immune to suits brought pursuant to § 1983. See Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183 (1980)("[T]his Court has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.")(internal quotation marks omitted); Pushard v. Russell, 815 F.2d 1, 2 (1st Cir. 1987)("The law is well settled that the principle of judicial immunity survived the enactment of 42 U.S.C. § 1983."); Siano v. Justices of Massachusetts, 698 F.2d 52, 55 n.4 (1st Cir. 1983)("[The plaintiff] correctly perceives that he is precluded from bringing a section 1983 damages action against the Justices by the doctrine of judicial immunity.").

## 2. Judge Rodgers

### a. Judicial Capacity

To the extent that Bibby purports to sue Judge Rodgers for acts or omissions committed in his judicial capacity, such claims are barred by the doctrine of judicial immunity. Thus, as to

---

[5] See also Mireles v. Waco, 502 U.S. at 13, 112 S.Ct. 286 ("a judicial act does not become less judicial by virtue of an allegation of malice or corruption of motive")(internal quotation marks omitted); Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496 (1985) ("Such immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed.")(citation and internal quotation marks omitted).

these allegations the Complaint fails to state a claim upon which relief can be granted.  Accordingly, all claims against Judge Rodgers based on acts or omissions committed in his judicial capacity should be dismissed.  I so recommend.

### b.  Administrative Capacity

Bibby also alleges that Judge Rodgers is sued in his capacity as administrator.  See Complaint ¶ 3.  Although Judge Rodgers is not protected by judicial immunity for actions taken in his capacity as an administrator,[6] see Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005)("judicial immunity applies to 'judicial acts, but not to ministerial or administrative acts'")(quoting Lowe v. Letsinger, 772 F.2d 308, 311 (7th Cir. 1985)), the Complaint still fails to state a claim upon which relief may be granted.  To the extent that Bibby alleges that Judge Rodgers was negligent: a) in failing to inform the other judges and magistrates of the PDO's policy change, see Complaint

---

[6] Bibby alleges that Judge Rodgers failed to properly train and supervise his or the State's employees.  See Complaint ¶¶ 6, 8.  While the performance of such tasks may suggest an administrative rather than judicial function, at least two courts have found such duties to be judicial in nature.  See Steinke v. Burress, No. 02-10216-BC, 2003 WL 21361916, at *3 (E.D. Mich. 2003)(concluding that judicial immunity protects judge from § 1983 lawsuit alleging that he failed to adequately train and supervise his staff in policies and regulations which resulted in errors causing a delay in the appointment of counsel); see also Dawson v. Newman, 419 F.3d 656, 659-61 (7th Cir. 2005)(affirming on grounds of judicial immunity dismissal of § 1983 lawsuit against judge whose staff failed to transmit release order to department of corrections).  For purposes of the instant Report and Recommendation, however, this Magistrate Judge assumes that training and supervising clerks are tasks which Judge Rodgers performed in his administrative and not judicial capacity.

¶ 8; b) in failing to insure that the RISC Clerks were properly trained and also provided adequate notes to the Department of Corrections regarding Bibby's sentences, see id. ¶¶ 6, 10; c) in failing to correct Bibby's sentences when requested, see id. ¶ 13; or d) in any other respect, see Complaint ¶¶ 3-15, the Court has already explained that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property," Daniels v. Williams, 474 U.S. at 328, 106 S.Ct. 662; see also Background supra at 5-6.  Accordingly, Bibby's claims against Judge Rodgers based on negligence are not cognizable under § 1983, see Daniels, 474 U.S. at 333 ("false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official")(quoting Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689 (1979)).

To the extent that the Complaint alleges that Judge Rodgers acting in his administrative capacity committed intentional wrongs which violated Bibby's constitutional rights, see Complaint ¶¶ 10-11 (purporting to allege that Judge Rodgers participated in a conspiracy); see also id. ¶ 13 (alleging that "this negligence by Defendants was intentional"), such conclusory allegations, unsupported by material facts, are no more than bald assertions and need not be credited, see Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980)(holding that allegations of

conspiracy must be supported by material facts, not merely conclusory statements); see also United States v. AVX Corp., United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992) (stating that a court is not required to "credit bald assertions"); cf. Toledo v. Sánchez, 454 F.3d 24, 34 (1st Cir. 2006)("Although there is no heightened pleading standard for civil rights claims, mere conclusory allegations of discrimination unsupported by any facts are insufficient for notice pleading purposes."). Accordingly, such claims based on intentional acts fail to state a cause of action under § 1983.

Because Bibby's claims against Judge Rodgers in his administrative capacity, based on negligence and his alleged participation in a conspiracy, do not state a cause of action under § 1983, the Complaint fails to state a claim with respect to Judge Rodgers upon which relief can be granted. Accordingly, all claims against Judge Rodgers should be dismissed, and I so recommend.

### 3. Magistrate Harwood

Just as the doctrine of judicial immunity bars Bibby's claims against Judge Rodgers for acts taken in his judicial capacity, it also bars Bibby's claims against Magistrate Harwood. It is clear from the Complaint that the only claims against Magistrate Harwood are for acts taken in her judicial capacity. The specific allegation which Bibby makes in regard to Magistrate

Harwood is that "[o]n December 11, 2006[,] Magistrate Harwood appointed the Public Defenders who never showed, when all of the judges were suppose[d] to appoint private counsel for 32(f) probation violators." Complaint ¶ 7.  The act of appointing an attorney for a criminal defendant is a judicial function.  See Martinez v. Hill, No. 3:05-CV-1655-N, 2006 WL 536617, at *2 (N.D. Tex. Jan. 30, 2006)(finding that judge's "alleged failure to appoint counsel occurred in [her] capacity and function as a judge, which in and of itself renders her immune from suit for monetary damages")(citing Stump v. Sparkman, 435 U.S. at 359, 98 S.Ct. 1099); Steinke v. Burress, No. 02-10216-BC, 2003 WL 21361916, at *5 (E.D. Mich. 2003)(agreeing that judge who allegedly failed to have attorney appointed to represent prisoner on appeal was acting in his judicial capacity and was therefore immune from suit).

Moreover, "[t]he principal hallmark of the judicial function is a decision related to a particular case."  Bliven v. Hunt, 579 F.3d 204, 211 (2nd Cir. 2009).  Here Bibby's complaint against Magistrate Harwood is based on her alleged failure to have counsel appointed to represent him at a probation violation hearing.  The probation which Bibby was accused of violating had been imposed in one or more particular cases.  Thus, Magistrate Harwood's appointment of the Public Defender's Office to represent Bibby was not only an act normally performed by judges

in their judicial capacity, but it was also related to a particular case or cases. Thus, it doubly qualifies as an act protected by judicial immunity.

In short, Magistrate Harwood is protected by judicial immunity against the claims contained in the Complaint. Therefore, the Complaint fails to state a claim against her upon which relief may be granted. All such claims against Magistrate Harwood should be dismissed, and I so recommend.

### B. State

The basis for Bibby's § 1983 claim against the State in the instant action is not clear. See Complaint. Presumably, it is related to the fact that all of the other Defendants are or were employed by the State at the time of the alleged violation of Bibby's constitutional rights. In any case, as Judge Hagopian noted, the United States Supreme Court has held that a state "is not a 'person' as that term is used in § 1983, and thus is not susceptible to suit under § 1983." Prior Action, R&R of 1/6/09 at 5 (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989)). Accordingly, I recommend that the action against the State be dismissed for failure to state a claim upon which relief can be granted.

### C. RISC Clerks

In the instant action, Bibby relies upon essentially the same facts as were summarized by Judge Hagopian in the Prior

13

Action.  Bibby again asserts that the RISC Clerks were involved in a conspiracy with other Defendants which allegedly resulted in a violation of his right to due process and caused him to be falsely imprisoned.  <u>See</u> Complaint ¶¶ 10-11.  He further alleges that as a result of the conspiracy the RISC Clerks "intentionally failed to properly fill out the mit[ti]mus and correct my sentences after many requests/motions ...."  <u>Id.</u> at 6.

As in the Prior Action, <u>see</u> Prior Action, R&R of 1/6/09 at 8, Bibby has presented no allegations in his Complaint that raise his bald assertions of a conspiracy involving the RISC Clerks above a speculative level.  Thus, the Court need not credit them. <u>See</u> <u>Slotnick v. Garfinkle</u>, 632 F.2d at 165 ("Though we are mindful that pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements.") (internal citations omitted); <u>see also</u> <u>United States v. AVX Corp.</u>, 962 F.2d at 115 ("[A] reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation.")(internal quotation marks omitted).  Accordingly, Bibby has failed to state a claim upon which relief can be granted with respect to the RISC Clerks, and those claims should be dismissed.  I so recommend.

**III.   Summary**

In sum, Bibby's Complaint fails to state a claim upon which

relief can be granted with respect to all Defendants. Both Judge Rodgers and Magistrate Harwood are protected by judicial immunity against all claims for acts committed in their judicial capacities. To the extent that the Complaint alleges that Judge Rodgers was negligent while acting in his administrative capacity, allegations of negligence fail to state a cause of action under § 1983. To the extent that the Complaint alleges that Judge Rodgers while acting in his administrative capacity participated in a conspiracy and committed intentional acts, the allegations are bald assertions which do not rise above a speculative level. Thus, they fail to state a claim upon which relief can be granted. As for the State, it is not a "person" as that term is used in § 1983 and thus is not susceptible to suit under § 1983. Finally, with respect to the RISC Clerks, the Complaint contains no allegations which raise Bibby's bald assertions of a conspiracy above a speculative level.

Because none of the allegations against Defendants state a claim upon which relief may be granted, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).[7] I so recommend.

**IV. Conclusion**

For the reasons stated above, I recommend that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted. Any objection to

---

[7] See n.3.

this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
December 15, 2009